# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THE TRIPLE-I CORPORATION, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **HUDSON ASSOCIATES** ) <br> **CONSULTING INC., et al.,** ) <br> ) <br> **Defendants.** ) <br> _____) | **CIVIL ACTION** <br><br> **No. 06-2195-KHV** |

## ORDER

The Triple-I Corporation, Inc., brings suit against Hudson Associates Consulting, Inc. ("Hudson"), and Knowledge Management Professional Society ("KMPS") alleging fraudulent registration of a servicemark in violation of the Revised Kansas Trademark Act, K.S.A. § 81-201 et seq., and tortious interference with contract and seeking money damages and cancellation of the servicemark. Hudson and KMPS assert seven counterclaims. Hudson and KMPS also bring third-party claims against KMMentor, L.L.C., International Knowledge Management Institute, L.L.C., Douglas Weidner, Eric Weidner and Ronald Dysvick seeking money damages and declaratory relief and alleging trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), cybersquatting under 15 U.S.C. § 125(d), violations of state law, including the Revised Kansas Trademark Act, K.S.A. § 81-201 et seq. and the Virginia Computer Crimes Act, Va. Code Ann. § 18.2-152.1 et seq., and common law claims, including unfair competition, tortious interference, conspiracy to tortiously interfere, infringe marks, and unfairly compete, contributory trademark infringement and breach of contract. This matter comes before the Court on the Motion By Third-Party Defendant Ronald Dysvick To Strike Third-Party Claim (Doc.

#13) filed August 22, 2006, and the Third-Party Defendants KMMentor, LLC, International Knowledge Managment Institute, LLC, Douglas Weidner, And Eric Weidner's Motion to Strike And Dismiss Third-Party Complaint (Doc. #18) filed September 12, 2006. For the reasons below, the Court sustains the motions.

Third-party claims are governed by Rule 14(a), Fed. R. Civ. P., which provides as follows:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Third-party claims asserted under Rule 14(a) must involve liability of the third-party plaintiff to the original plaintiff that may be passed on to the third-party defendant; third-party claims may not be asserted under Rule 14(a) simply because those claims involve the same general background as the original claim. Admin. Comm. of the Wal-Mart Assocs. Health & Welfare Plan v. Willard, 216 F.R.D. 511, 513 (D. Kan. 2003). Indeed, the provision for impleading parties under Rule 14(a) is narrow as the third-party claim must be derivative of the original claim. King Fisher Marine Serv., Inc. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 n.1 (10th Cir. 1990).

Third-party defendants argue that the third-party claims do not allege the derivative liability required by Rule 14(a). Third-party defendants are correct. In fact, Hudson and KMPS admit as much in their briefs, conceding that the third-party complaint does not allege that third-party defendants are or may be liable to them for all or part of plaintiff's claims against them, as contemplated by Rule 14. This admission is fatal to the third-party claims. Because the third-party claims are not premised on derivative liability as

required under Rule 14(a), the Court sustains the motion to strike.[1] See Fed. R. Civ. P. 14(a) (striking improper third-party claim is appropriate remedy).

**IT IS THEREFORE ORDERED** that the Motion By Third-Party Defendant Ronald Dysvick To Strike Third-Party Claim (Doc. #13) filed August 22, 2006, and the Third-Party Defendants KMMentor, LLC, International Knowledge Managment Institute, LLC, Douglas Weidner, And Eric Weidner's Motion to Strike And Dismiss Third-Party Complaint (Doc. #18) filed September 12, 2006 be and hereby are **SUSTAINED**. All third-party claims are striken and because no claims remain against them, KMMentor, LLC, International Knowledge Management Institute, LLC, Douglas Weidner, Eric Weidner and Ronald Dysvick are dismissed from the action.

Dated this 20th day of October, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[1] In an attempt to salvage their third-party claims, Hudson and KMPS argue that the Court should overlook the Rule 14 requirements and permit the claims based on convenience and judicial economy. Hudson and KMPS appear to be asking the Court to assert ancillary jurisdiction under Rule 18(a), Fed. R. Civ. P. The foundation for such jurisdiction, however, requires a proper third-party claim. See First Golden Bancocorporation v. Weiszmann, 942 F.2d 726, 730 (10th Cir. 1991). Because Hudson and KMPS have not alleged a proper third-party claim, ancillary jurisdiction cannot be established here. Id.