**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| THE TRIPLE-I CORPORATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HUDSON ASSOCIATES )<br>CONSULTING INC., et al., )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION<br><br>No. 06-2195-KHV |
| KMMENTOR, L.L.C., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>KNOWLEDGE MANAGEMENT )<br>PROFESSIONAL SOCIETY, INC., et al., )<br>)<br>Defendants. )<br>_____) | Consolidated With:<br><br>No. 06-2381-KHV |
| HUDSON ASSOCIATES )<br>CONSULTING INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ERIC WEIDNER, et al., )<br>)<br>Defendants. )<br>_____) | Consolidated With:<br><br>No. 06-2381-KHV |

**MEMORANDUM AND ORDER**

These consolidated cases involve competing trademark infringement and other associated claims under federal and state law arising out of the parties' "knowledge management" training courses. On July 12, 2007, Magistrate Judge James P. O'Hara overruled the motion for protective

order which Hudson Associates Consulting, Inc., Knowledge Management Professional Society, Inc. and Dan Kirsch (collectively the "KMPro Affiliates") filed May 18, 2007, and sustained in part the motion to compel discovery which KMMentor, LLC, International Knowledge Management Institute, LLC, Douglas Weidner, Eric Weidner, Brandon Weidner and Wendy Weidner (collectively the "Weidner Affiliates") filed June 8, 2007. See Order (Doc. #171). This matter comes before the Court on KMPro Parties' Motion To Review Magistrate's Order Denying Motion For Protective Order And Magistrate's Order Granting Motion To Compel (Doc. #174) and the Unopposed Motion For Leave To File Motion To Review Magistrate's Order Denying Motion For Protective Order And Magistrate's Order Granting Motion To Compel Out Of Time (Doc. #178), both of which the KMPro Affiliates filed July 24, 2007. For good cause shown, the Court sustains the motion to file the motion for review out of time. For reasons stated below, the Court overrules the motion for review.

## Standards For Review Of Magistrate Judge Non-Dispositive Order

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review, but applies a more deferential standard which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge's order unless the entire record evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate

judge and overrules order only for clear abuse of discretion).

## Analysis

The KMPro Affiliates argue that Judge O'Hara clearly erred by overruling their motion for protective order and sustaining in part the Weidner Affiliates' motion to compel discovery.

**I.  Motion For Protective Order**

In their motion for protective order, the KMPro Affiliates sought a protective order prohibiting production of course material, student information and related documents associated with their "knowledge management" training courses. See Motion For Protective Order And Suggestions In Support (Doc. #131) filed May 18, 2007, at 2.  In his order, Judge O'Hara noted that he had previously entered a protective order, see Protective Order (Doc. #53) filed December 22, 2006, to which the parties had agreed, and which provided that certain documents marked confidential could be used only for purposes of this case and for no other purpose.  Judge O'Hara concluded that the existing protective order was sufficient to protect the parties' alleged trade secrets, and he therefore overruled the motion for a more extensive protective order.  Judge O'Hara noted that any violation of the protective order (i.e. use of confidential information for competitive gain) could be rectified through appropriate motion to the Court.

The KMPro Affiliates offer no cogent reason why the Court should find clear error in Judge O'Hara's decision.  The Court is not persuaded by the overly dramatic suggestion that without a more extensive protective order, the KMPro Affiliates "would be harmed to the point of destruction."  The Court notes that Judge O'Hara's original protective order is consistent with Rule 26(c)(7), Fed. R. Civ. P., which provides that a protective order regarding trade secrets and other confidential information may order that such information "be revealed only in a designated

-3-

way." Here, under the existing protective order, the parties' confidential information may only be used for purposes of this case. The Court finds no error in Judge O'Hara's conclusion that such a limitation is sufficient to protect the parties' interests and that a more extensive protective order is not necessary. Accordingly, the Court overrules the motion for review on this ground.

## II. Motion To Compel Discovery

In their motion to compel discovery, the Weidner Affiliates sought to compel the KMPro Affiliates' immediate and complete response to the following request for production:

> All documents concerning any knowledge management course, seminar, or workshop taught, in whole or in part, by you or any of your agents of employees including, but not limited to: (a) all course, seminar, or workshop materials; (b) all documents concerning attendees and registrants for any such course, seminar, or workshop; and (c) all documents concerning any revenue generated from such a course, seminar, or workshop.

See Plaintiff KMMentor, LLC's First Request For Production Of Documents To Defendant/Plaintiff Hudson Associates Consulting, Inc., attached as Exhibit B to Brief In Support Of Weidner Affiliates' Motion To Compel Discovery (Doc. #157) ¶ 20. In response, the KMPro Affiliates argued that the request for production was vague and overbroad because it sought evidence "concerning" their knowledge management courses. See KMPro Parties' Memorandum In Opposition To Motion To Compel Filed By Weidner Parties (Doc. #161) at 3-4. In his order, Judge O'Hara sustained the motion to compel in part, finding that the request for production was not vague or overbroad because "the term 'concerning' as used in [the request for production] modifies a sufficiently specific type of document – those related to the KMPro Affiliates' knowledge management courses, the attendees of those courses, and the revenue generated by those courses."[1]

---

[1] Judge O'Hara noted that the request for production was problematic because it was
(continued...)

-4-

Order (Doc. #171) at 4-5.

The KMPro Affiliates now argue that Judge O'Hara's interpretation of the request for production is clearly erroneous because the request for production is not limited to course materials, attendees and revenue. The KMPro Affiliates' argument is apparently premised on the "including, but not limited to" language of the request for production. This argument was not raised before Judge O'Hara, however, and the Court will not consider it as a basis for finding mistake in Judge O'Hara's order.[2] See City of Wichita v. Aero Holdings, Inc., 192 F.R.D. 300, 302 (D. Kan. 2000) (district court review of magistrate "not a de novo review permitting a second shot . . . based on new arguments"). The KMPro Affiliates make no persuasive argument why the Court should find error in Judge O'Hara's order compelling them to respond to the Weidner Affiliates' request for production. Accordingly, the Court overrules the motion for review on this ground.

**IT IS THEREFORE ORDERED** that KMPro Parties' Motion To Review Magistrate's Order Denying Motion For Protective Order And Magistrate's Order Granting Motion To Compel (Doc. #174) filed July 24, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Unopposed Motion For Leave To File Motion To Review Magistrate's Order Denying Motion For Protective Order And Magistrate's Order Granting Motion To Compel Out Of Time (Doc. #178) which the KMPro Affiliates filed July 24, 2007 be and hereby is **SUSTAINED**.

---

[1](...continued)
not limited in temporal scope, and he therefore sustained the motion to compel in part, limiting the temporal scope to the past five years. See Order (Doc. #171) at 6.

[2]   Even if the Court were to consider this argument, the KMPro Affiliates cite no authority for the proposition that the phrase "including, but not limited to" may transform an otherwise proper request for production into a request which is vague and overbroad.

Dated this 22nd day of August, 2007 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              Kathryn H. Vratil
                                              United States District Judge