IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE TRIPLE-I CORPORATION, | ) | **CONSOLIDATED CASES** |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-2195-KHV |
| HUDSON ASSOCIATES CONSULTING, INC., et al., | ) | |
| Defendants. | ) | |
| KM MENTOR, LLC, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 06-2381-KHV |
| KNOWLEDGE MANAGEMENT PROFESSIONAL SOCIETY, INC., et al., | ) | |
| Defendants. | ) | |
| HUDSON ASSOCIATES, CONSULTING, INC., et al. | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 06-2461-KHV |
| ERIC WEIDNER, et al., | ) | |
| Defendants. | ) | |

# **ORDER**

This case comes before the court on the motion of Hudson Associates Consulting, Inc., Knowledge Management Professional Society, Inc., John Leitch, Dan Kirsch, and Wayne Hulehan (collectively, the "KMPro Affiliates") to compel KMMentor, LLC,

International Knowledge Management Institute, LLC, Douglas Weidner, Eric Weidner, Brandon Weidner, and Wendy Weidner (collectively, the "Weidner Affiliates") to respond to certain requests for production of documents **(doc. 162)**. The Weidner Affiliates have filed a memorandum in opposition (doc. 168) and the KMPro Affiliates have filed a reply (doc. 172). Pursuant to the agreement and order of August 15, 2007 (doc. 187), the parties filed a joint pleading outlining each disputed discovery request, after conferring to narrow down the number of disputes (*see* doc. 189). For the reasons set forth below, the KMPro Affiliates' motion is granted in part and denied in part.

In these consolidated cases, the Weidner Affiliates and the KMPro Affiliates have each alleged a number of claims against the other including, but not limited to, claims of trademark infringement, unfair competition, copyright infringement, and intentional interference with contractual relations. Each of these claims is based upon the knowledge management training courses offered by the parties and on the use and content of related training materials.[1]

The Weidner Affiliates object in general to each discovery request "to the extent that it is subject to an interpretation which requires the disclosure of information protected by the attorney-client privilege or the attorney work product doctrine" and "to the extent that it calls for the production of information that is confidential or proprietary." The court notes that these types of general objections usually are "tantamount to asserting no objection at all."[2] Regardless, it appears that these objections are largely moot. The Weidner Affiliates state that they have not withheld any documents on the basis of concerns regarding confidentiality.

---

[1] The field of knowledge management encompasses the creation, dissemination, and utilization of data.

[2] *Sonnino v. Univ. of Kansas. Hosp. Authority*, 221 F.R.D. 661, 667 (D. Kan. 2004).

To the extent that any documents have been withheld on this basis, they shall be produced subject to the protective order already in place in this case (doc. 53). As to the privilege objection, the Weidner Affiliates state that they are withholding only one document on this basis. They have agreed to produce it as long as the production of the document would not constitute a waiver of the privilege as to other documents. The court finds that it will not. Accordingly, the Weidner Affiliates shall produce the document.

Request No. 6 seeks "[e]ach and every document which reflects what service(s), including any and all training services, IKMI performed for any person or entity within calendar years 2003 through 2007 in the field of knowledge management." The Weider Affiliates object on the bases that this request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. As set forth in a prior order ruling the KMPro Affiliates' objections to document requests propounded by the Triple-I Corporation (another party in these consolidated cases), the court finds these objections unsustainable (*see* doc. 122, pp. 3-5).

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[3] "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[4] "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal

---

[3] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[4] *Id.* (citations omitted).

relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[5]  The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[6]  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[7]

In this case, the KMPro Affiliates and the Weidner Affiliates have asserted various claims against each other which all involve the training services referred to in Request No. 6.  The court finds that this request, which seeks documents supporting these claims, is reasonably calculated to lead to the discovery of admissible evidence regarding the veracity of the claims and damage amounts.  This request is therefore relevant.  Further, the court finds that it is properly limited to include only documents reflecting services performed in the field of knowledge management and is properly limited in temporal scope.  Thus, the KMPro Affiliate's motion to compel with respect to Request No. 6 is granted.

Request No. 15 seeks "[e]ach and every written communication, and all notes and memoranda of any verbal communications, between you and the U.S. Army from January 1, 2004, to the present, related in any way to the subject of knowledge management, or to services offered by you and/or anyone else in the field of knowledge management."  The Weider Affiliates object on the bases that this request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The court disagrees.  As with Request No. 6, this request is properly limited in scope.

---

[5] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[6] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[7] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

Further, the KMPro Affiliates claim in this case that the Weidner Affiliates tortiously interfered with their business relationship with the U.S. Army as relates to the knowledge management training courses the KMPro Affiliates provided the U.S. Army. Accordingly, Request No. 15 seeks relevant information. The motion to compel is granted with respect to this request.

Request No. 19 seeks "[e]ach and ever videotape that you use for Knowledge Management Training." The Weidner Affiliates object on the bases that this request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The court agrees that this request is overly broad on its face, as it is not limited in temporal scope. The court finds, however, that videotapes used in connection with knowledge management training, which is the subject of this litigation, are relevant. Accordingly, the motion to compel is granted in part and denied in part with respect to this request. The Weidner Affiliates shall produce any videotapes used for knowledge management training during the five years preceding the filing of this suit.

Request No. 31 seeks "[e]ach and every document which reflects that IKMI ever conducted any training in the field of knowledge management." The Weidner Affiliates object on the bases that this request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. As discussed in a prior order ruling a discovery dispute between the KMPro Affiliates and the Weidner Affiliates, the applicable standard has been stated as follows:

> [A] document request may be overly broad on its face if it uses an omnibus term such as "relating to," "pertaining to," or "concerning." That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents. . . . [A] request may be overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request seeking

> documents "pertaining to" or "conceiving" a broad range of items "requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.[8]

Here, the court is unpersuaded that the Weidner Affiliates would have to move through mental gymnastics to determine which documents are responsive to this request. It is fairly obvious in this case that each party has sought from the other parties all documents related to the knowledge management training courses that are at issue in these consolidated cases. As the court has stated on prior occasions, these documents are relevant. Unfortunately, as with many other requests in this case, Request No. 31 is not limited in temporal scope. Accordingly, the motion to compel is granted in part and denied in part with respect to this request. The Weidner Affiliates shall produce responsive documents for the five years preceding the filing of this suit.

Request No. 43 seeks "[e]ach and every document reflecting the fact that you provided marketing materials in the field of knowledge management to any person or entity from January 1, 1995 to the present." Request No. 44 seeks copies of those marketing materials. Request No. 45 seeks "[e]ach and every document reflecting any training in the field of knowledge management by you that occurred in the State of Kansas from January 1, 1995, to the present, including all financial documents related thereto, and the names and addresses of the persons and/or entities who received such training." Request No. 46 seeks "[e]ach and every certificate ever issued by you to anyone in the field of Knowledge Management." The Weidner Affiliates object on the bases that these requests are overly

---

[8] *See* doc. 171, p. 4 (citing *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006) (citations omitted).

broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  As to these requests, the parties simply refer to their arguments made in connection with Request No. 31.  For the reasons set forth in connection with that request, the motion to compel is granted in part and denied in part with respect to Request Nos. 43, 44, 45, and 46.  These requests shall be limited in temporal scope to the five years preceding the filing of this suit.

Request No. 47 seeks "Articles of Organization By-Laws and/or Operating Agreements, and Minutes for IKMI and KMMentor."  The Weidner Affiliates object on the bases that this request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The KMPro Affiliates argue that this request is relevant to their breach of contract claim.  Upon review of the contract which is the basis for that claim (doc. 168, ex. A), the court finds that this request seeks irrelevant information.  The motion to compel is denied with respect to this request.

Request No. 55 seeks "[a]ll documents related to any eCKM training produced and/or delivered to the KMPro Parties under contract for the period 2002-2004."  Request No. 56 seeks "[a]ll 'KM KBase tm" (knowledge-base) created and/or delivered to the KMPro parties under contract for the period 2002-2004."  The Weidner Affiliates object on the bases that these requests are overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  The KMPro Affiliates argue that these requests are relevant to their breach of contract claim.  The Weidner Affiliates claim that nothing in the contract indicates that this information is relevant.  The court disagrees.  Upon review of the parties' contract, which includes provisions that KMMentor will create eCKM and KM KBase programs, the court finds that these requests seek relevant information and are reasonably calculated to lead to the discovery of admissible evidence in this case.  The

Weidner Affiliates also argue that these requests are overly broad because the breach of contract claim only involves two of the responding parties (KMMentor and Douglas Weidner). The court finds that these requests are properly limited to these parties because they seek only documents related to programs created, produced, or delivered under the contract, which involves these two parties. The motion to compel as relates to Request Nos. 55 and 56 is granted.

Request No. 58 seeks "[a]n accounting of all software, computer and other equipment purchased using issued KMPro Debit/Check cards during the period 2002-2004 and all documentation that show transfer of that property to KMPro." The Weidner Affiliates object on the bases that this request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. The court disagrees with the Weidner Affiliates' claim that this request is couched in impermissibly broad terms. It is properly limited in temporal scope and simply seeks a list of equipment purchased with KMPro funds, and documents that show the transfer of the property purchased. This information is relevant to the KMPro Affiliates' breach of contract claim that products were purchased with KMPro funds and not delivered. Unlike Request Nos. 55 and 56, this request need not be limited to the two individuals involved in the contract, but properly applies to all individuals acting on behalf of KMMentor or Douglas Weidner with access to KMPro Debit/Check cards. The motion to compel is granted with respect to this request.

Request No. 59 seeks "[a]ll documentation of having any of the KMPro Parties' authorization to purchase software, computer and other equipment using the KMPro Debit/Check cards for the purpose of performance of KMMentor under the terms of the contract." This request is directly related to Request No. 58 and thus shall be limited in

temporal scope to 2002-2004. The motion to compel as relates to this request is granted in part and denied in part.

Request No. 60 seeks "[a]ll receipts, invoices or other documentation reflecting that any Producing Party paid for required hosting during the period of 2002-2004." As to this request, the parties simply refer to their arguments made in connection with Request Nos. 58 and 59. For the reasons set forth in connection with those requests, the motion to compel is granted with respect to Request No. 60.

Request Nos. 81, 83, 84, 85, 91, and 92 seek documents showing that KMMentor fulfilled its alleged contractual obligations. For the reasons set forth above, the court finds that these requests are relevant, but shall be limited to 2002-2004.

In consideration of the foregoing,

IT IS HEREBY ORDERED that the KMPro Affiliates' motion to compel **(doc. 162)** is granted in part and denied in part. The Weidner Affiliates shall comply with this order in all respects by **September 7, 2007**. By the same date, all parties in these consolidated cases shall confer and submit to chambers via email an updated report of the parties' planning meeting setting forth a proposed schedule for this case, which was stayed on April 27, 2007 (doc. 113). The court will convene a telephone status conference with the parties on **September 11, 2007, at 9:00 a.m.** to discuss their proposed schedule and get this case back on track.

Dated this 27th day of August, 2007, at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge