IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE TRIPLE-I CORPORATION, | ) | **CONSOLIDATED CASES** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2195-KHV |
| | ) | |
| HUDSON ASSOCIATES | ) | |
| CONSULTING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| KM MENTOR, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-2381-KHV |
| | ) | |
| KNOWLEDGE MANAGEMENT | ) | |
| PROFESSIONAL SOCIETY, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| HUDSON ASSOCIATES, | ) | |
| CONSULTING, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-2461-KHV |
| | ) | |
| ERIC WEIDNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

### I. Introduction

Pursuant to Fed. R. Civ. P. 15(a)(2), this matter comes before the court on the motion

(**doc. 206**) of the Hudson Associates Consulting, Inc. and Knowledge Management

Professional Society, Inc. (collectively, the "KMPro Affiliates"), plaintiffs in the consoli-dated case *Hudson Associates Consulting, Inc., et al. v. Eric Weidner, et al.*, Case No. 06-2461 (the "*Hudson*" case), and Dan Kirsch, counterclaimant in the consolidated case *KMMentor, LLC v. Knowledge Management Professional Society, Inc.*, Case No. 06-2381, for leave to amend the first amended complaint in the *Hudson* case.  The KMPro Affiliates and Kirsch filed a memorandum in support of the motion (doc. 207).  The Triple-I Corporation,[1] Robert Spachman, and Ronald Dysvick (collectively, the "Triple-I Affiliates"), responded (doc. 209).  KMMentor, LLC,[2] International Knowledge Management Institute, LLC, Douglas Weidner, Eric Weidner, Brandon Weidner, and Wendy Weidner (collectively, the "Weidner Affiliates") filed a response (doc. 210), albeit untimely, stating that they join in the Triple-I Affiliates' response.  The KMPro Affiliates and Kirsch replied (doc. 212).  After obtaining leave of court (*see* doc. 215), the Triple-I Affiliates filed a surreply (doc. 217) to which the KMPro Affiliates and Kirsch responded (doc. 218).  To simplify this order, the court will refer to the Triple-I Affiliates and the Weidner Affiliates as the "responding parties."  For the reasons set forth below, the KMPro Affiliates and Kirsch's motion to amend is granted in part and denied in part.

## II. Background

The *Hudson* case is an action for trademark infringement and unfair competition.  In their first amended complaint (doc. 36), the KMPro Affiliates assert claims against the defendants, International Knowledge Management Institute, LLC, Eric Weidner, Brandon Weidner, Wendy Johnson Weidner, Ronald Dysvick ("Dysvick"), and Robert W. Spachman

---

[1] Triple-I is not a party in the *Hudson* case.  Dysvick and Spachman, who are party defendants in the *Hudson* case, are officers of Triple-I.

[2] KM Mentor is not a party in the *Hudson* case.

("Spachman"), which include trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a); cybersquatting under 15 U.S.C. § 125(d), violations of state law, including the Revised Kansas Trademark Act, K.S.A. § 81-201 et seq., and the Virginia Computer Crimes Act, Va. Code Ann. § 18.2-152.1 et seq., and common law claims, including unfair competition, tortious interference, conspiracy to tortiously interfere, infringe marks, and unfairly compete, contributory trademark infringement and breach of contract.    The KMPro Affiliates now seek leave to further amend their first amended complaint to add Knowledge Central Corporation ("Knowledge Central") as a party defendant, and to add a claim of defamation against Dysvick and Spachman.    Kirsch, an officer of KMPro, seeks leave to join the *Hudson* case as a party plaintiff, if the defamation claim is added, that is, so that he can assert an identical defamation claim.

The procedural history relevant to the instant motion is as follows.    The *Hudson* case was filed on October 24, 2006.    On October 31, 2006, the KMPro Affiliates filed a motion requesting that the *Hudson* case be consolidated with Case No. 06-2195, *The Triple-I Corporation v. Hudson Associates Consulting, Inc., et al.*, and Case No. 06-2281, *KM Mentor, LLC, et al. v. Knowledge Management Professional Society, Inc., et al.*    On November 27, 2006, the KMPro Affiliates filed a motion to amend their complaint (doc. 13), which was granted on December 20, 2006 (doc. 33).    On December 21, 2006, the court granted the KMPro Affiliates' motion consolidating the three cases for discovery and pretrial purposes (doc. 50).[3]

On January 16, 2007, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a scheduling conference in the consolidated cases, after which the court filed a scheduling order setting forth the various deadlines established during the conference,

---

[3] Doc. 35 in the *Hudson* case.

including a February 16, 2007-deadline for filing motions for leave to join additional parties or to otherwise amend the pleadings.

On April 27, 2007, with the approval of the presiding U.S. District Judge, Hon. Kathryn H. Vratil, the undersigned vacated the unexpired deadlines in the original scheduling order because of substantial unresolved discovery disputes (doc. 113). On September 7, 2007, the parties' attorneys submitted an updated planning report pursuant to Fed. R. Civ. P. 26(f). After consultation with counsel on September 11, 2007, the court entered an amended scheduling order (doc. 194).  With regard to the deadline for filing motions to amend, the court specifically noted:

> The original scheduling order set February 16, 2007 as the deadline for filing motions for leave to join additional parties or to otherwise amend the pleadings has expired. The court has allowed certain amendments (see doc. 45[4]). None of the parties requested any extension of the above-referenced deadline in connection with the September 11, 2007 status conference.[5]

On October 8, 2007, the parties filed a joint motion (doc. 197) to stay all proceedings in these cases for 45 days due to the serious illness of Rhonda Smiley, counsel for the KMPro Affiliates and Kirsch.  The court granted the motion on October 11, 2007 (doc. 198).  On November 19, 2007, the court held a status and scheduling conference in the consolidated cases and, after consultation with counsel, entered the second amended scheduling order (doc. 199).  In this order, with regard to the deadline for filing motions to amend, the court noted:

> The original scheduling order set February 16, 2007 as the deadline for filing motions for leave to join additional parties or to otherwise amend the pleadings, which deadline has expired. The court has

---

[4] This order granted the motion of Triple-I (doc. 31) to amend its complaint in Case No. 06-2195.

[5] Doc. 194 at 9.

allowed certain amendments *(see* doc. 45). None of the parties requested any extension of the above-referenced deadline in connection with the September 11, 2007 and November 19, 2007 status conferences.

The court also established a new fact discovery deadline of July 3, 2008. These cases are currently set for trial on Judge Vratil's docket beginning February 3, 2009.

The KMPro Affiliates and Kirsch filed the instant motion to amend on December 5, 2007.

### III. Discussion and Analysis

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Generally, the court denies leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment."[6] The responding parties argue here that the proposed amendments are untimely, futile, and would cause undue prejudice and delay.

### A. Timeliness

The court first addresses the issue of timeliness. Because the instant motion was filed nearly ten months after the deadline for filing such motions expired, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a)(2) in conjunction with the good cause standard of Fed. R. Civ. P. 16(b)(4). That is, courts in this jurisdiction consistently have held that, when considering a motion to amend filed after the date established in a scheduling order, the court must determine whether "good cause" within the meaning of Fed. R. Civ. P.

---

[6] *Castleglen v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

16(b)(4) has been sufficiently demonstrated to justify allowing the untimely motion[7] and if the Fed. R. Civ. P. 15(a) standards have been satisfied.

As to the proposed amendment adding Knowledge Central as party defendant, the KMPro Affiliates claim an investigation revealed that, on or about July 9, 2007, Dysvick created a Missouri for-profit corporation with the name "Knowledge Central Corporation," and that Knowledge Central is engaged in the same wrongful conduct described in their first amended complaint and the same conduct as Triple-I engaged in while Dysvick was employed there, including trademark infringements.  The KMPro Affiliates argue there was no undue delay in adding this party as the corporation was not formed by Dysvick until after the deadline passed for amending pleadings.  The KMPro Affiliates also argue that Dysvick did not disclose the creation of this entity in any document productions, any supplemental disclosures under Fed. R. Civ. P. 26 (a) (1), or otherwise.

The responding parties argue that the KMPro Affiliates knew or should have known, as early as late March or early April 2007, that Dysvick was forming a new corporation.  In support of this argument, they cite to a document attached to the KMPro Affiliates' memorandum and the deposition testimony of John Leitch, an officer of KMPro.  The responding parties argue the KMPro Affiliates delayed adding this party eight months.

As to the proposed defamation claim, the KMPro Affiliates argue the events giving rise to this claim occurred on or about November 12, 2007, well after the deadline for filing motions to amend had expired.  The responding parties do not dispute that the events giving rise to the alleged defamation claim occurred on or about November 12, 2007, but argue that the KMPro Affiliates should have filed the instant motion long before December 5, 2007.

---

[7] *See, e.g., Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (applying this two-part inquiry) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990)); *Denmon v. Runyan*, 151 F.R.D. 404, 407 (D. Kan. 1993) (same).

The court finds the KMPro Affiliates could not have sought leave to add Knowledge Central or the defamation claim before the February 16, 2007-deadline, because the underlying events occurred after the deadline expired.  As to the responding parties' argument that the KMPro Affiliates should have sought leave to add the defamation claim sooner, the court finds the 23-day time period between the event and the filing of the motion is reasonable.

As to Knowledge Central, the court is not convinced the KMPro Affiliates lacked adequate knowledge of the facts which form the basis of their claim against this party several months prior to the filing of the instant motion and, therefore should have sought leave to add this party much earlier.  Nevertheless, while these consolidated cases have all been pending for more than a year, for various reasons, many of which were outside the control of the parties, these cases have not progressed toward a final resolution in typical fashion.  The court, therefore, will not deny the instant motion to add Knowledge Central as a defendant on the basis of untimeliness.

B.  Futility

The court next turns to the issue futility.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[8]

Highly summarized, the responding parties argue there is insufficient evidence to add Knowledge Central as a party defendant at this time.  However, the court finds the allegations set forth in the proposed second amended complaint against Knowledge Central adequately set forth a claim, at least in the context of a motion to amend.

---

[8] *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

The court next turns to the proposed defamation claim against defendants Dysvick and Spachman.  In their response, the responding parties argue the defamation claim against Spachman is futile as he had no involvement in the November 12, 2007-incident giving rise to this claim.  In their reply, the KMPro Affiliates do not address this argument.  Therefore, the court infers they have conceded this issue.  If, however, this was not their intent, the court infers that the allegations contained in the second amended complaint with regard to Spachman are insufficient to state a claim for defamation claim against him.

As to the defamation claim against Dysvick, the KMPro Affiliates argue these claims are not clearly futile.  In their reply, they acknowledge that, in their haste to prepare the second amended complaint, they failed to describe the corporations' claim as defamation through the "false light " doctrine.  The KMPro Affiliates request they be allowed to modify the description of their claim in the second amended complaint to conform to this type of defamation of corporations.

The court has reviewed the proposed second amended complaint and, in light of the proposed modification, finds the defamation claim against Dysvick is not clearly futile.  The myriad of issues raised by the responding party as to the futility of the defamation claim are issues which would be more appropriately resolved by Judge Vratil in the context of a motion for summary judgment or by way of a motion to dismiss.

Lastly, the court addresses Kirsch's request for leave to join the *Hudson* case as a party plaintiff for the sole purpose of asserting his defamation claim which is identical to the defamation claim the KMPro Affiliates seek leave to assert.  Fed. R. Civ. P. 20(a)(1) provides that persons may join in one action as plaintiffs if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact in common to all plaintiffs will arise in the action.

"The purpose of Rule 20(a) is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'"[9] "Rule 20(a) is to be construed broadly and 'joinder of claims, parties, and remedies is strongly encouraged.'"[10]

Kirsch's defamation claim arises from the same transaction, occurrence, or series of transactions as the KMPro Affiliates' defamation claim.  Kirsch is also represented by the same counsel as the KMPro Affiliates.  The court, therefore, will allow Kirsch to join as a party plaintiff in the *Hudson* case.

C.  Prejudice and Delay

The responding parties argue that allowing the proposed amendments will be prejudicial and will interfere with the scheduled deposition discovery. The court recognizes that additional discovery, which may include supplemental depositions, may be necessary. However, if the parties work together, there will be ample time before the July 3, 2008-discovery deadline to conduct any discovery arising from the second amended complaint. The parties are cautioned that the court will not look favorably on any requests for extension of the discovery deadline caused by any of the parties or their counsel's lack of cooperation.

IV.  Conclusion and Order

In consideration of the foregoing, the court grants KMPro Affiliates leave to amend their first amended complaint in the *Hudson* case to add Knowledge Central as a party

---

[9] *Jones v. Wichita State University*, No. 06-2131, 2006 WL 2294851, at *1 (D. Kan. 2006) (citing *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004)).

[10] *Id.* (citing *Biglow v. Boeing Co.*, 201 F.R.D. 519, 520 (D. Kan. 2001) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966))).

defendant, and to add a defamation claim against Dysvick.  The motion to amend to add a claim of defamation against Spachman is denied.  Kirsch is granted leave to join the *Hudson* case as a party plaintiff so that he can assert his defamation claim against Dysvick.

IT HEREBY ORDERED:

The KMPro Affiliates and Kirsch's motion (**doc. 206**) to amend is granted in part and denied in part.  The second amended complaint, with the modifications discussed above, shall be filed by **February 8, 2008** and served on the new party by **February 15, 2008**.

Dated this 5th day of February 2008, at Kansas City, Kansas.


  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge