**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| THE TRIPLE-I CORPORATION, | ) | **CONSOLIDATED CASES** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2195-EFM |
| | ) | |
| HUDSON ASSOCIATES CONSULTING, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| KMMENTOR, LLC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-2381-EFM |
| | ) | |
| KNOWLEDGE MANAGEMENT PROFESSIONAL SOCIETY, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| HUDSON ASSOCIATES, CONSULTING INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-2461-EFM |
| | ) | |
| ERIC WEIDNER, et al., | ) | |
| | ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

On September 22, 2008, Judge O'Hara denied without prejudice (Doc. 303) Dr. Morris' motion to reconsider (Doc. 291) the Order granting in part and denying in part his motion to quash two subpoenas served on him by the Triple-I parties (Doc. 283). The motion to reconsider was "denied without prejudice" because mediation was scheduled for December 2 and 3, 2008, and, following mediation, counsel were to advise the court whether the motion would be reasserted. The mediation was unsuccessful and Dr. Morris requests that the court rule on his motion based on the parties' previously submitted briefs. (Doc. 357, p. 3). Accordingly, the court will rule on Dr. Morris' motion to reconsider based on the parties' previous submissions.

Dr. Morris, a non-party, seeks reconsideration of the Order requiring him to produce documents and submit to additional deposition questions based on (1) the court's discretion and (2) the court's misunderstanding of the applicable facts and law, and (3) new evidence. Highly summarized, he argues that counsel for Triple-I is harassing him, he does not have "control" of the requested documents, and that Triple-I should have delayed his deposition until the issue of document production was resolved. As explained below, the court declines to reconsider the prior order.

The allegation of harassment was considered and rejected by Judge O'Hara and Dr. Morris' motion to reconsider is an attempt to supplement or "dress up" an argument rejected in his original motion. The court declines to reconsider the prior ruling merely because a party desires a "second bite of the apple." Moreover, Dr. Morris' purported "new" e-mail

-2-

evidence does not warrant reconsideration. The e-mail messages show that counsel for Triple-I made concessions and limited document requests from Dr. Morris's employer, Computer Sciences Corporation (CSC). Dr. Morris contends that Triple-I's attempt to get the documents from him rather than CSC is an indication of harassment. However, this information was known to Dr. Morris and his counsel before he filed his motion to quash. That Dr. Morris now has physical possession of e-mail messages showing what the parties already knew is not a sufficient ground for reconsideration.

Dr. Morris also asserts that he does not have "control" of certain documents. His argument is misguided for two reasons. First, the lack of control argument is based on instructions from CSC in-house counsel to him to not disclose the materials. The short answer to this argument is that in-house counsel's "instructions" do not trump the federal rules of civil procedure or a federal court order. Equally important, the obligation of production is not limited to "control." Dr. Morris is obligated to produce documents in his "***possession, custody***, *or* control." Judge O'Hara's ruling ordered Dr. Morris to produce documents in his "possession" and the doctor's "control" argument is not an appropriate ground for reconsideration. Under the circumstances, the court declines to reconsider Judge O'Hara's September 22, 2008 Order.

**IT IS THEREFORE ORDERED** that Dr. Morris' motion to reconsider (**Doc. 291**) is **DENIED.** Dr. Morris shall produce the documents in his possession, custody or control by **May 15, 2009** and his deposition shall be completed by **May 30, 2009**, consistent with

Judge O'Hara's prior order.

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 1st day of May 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge