## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE TRIPLE-I CORPORATION,<br><br>*Plaintiff*,<br><br>vs.<br><br>HUDSON ASSOCIATES CONSULTING, INC., ET AL.,<br><br>*Defendant.* | Case No. 06-2195- EFM |

## MEMORANDUM AND ORDER

Before the Court is the KMPro parties' Objection to Magistrate Order (Doc. 390). For the following reasons, the Court denies the motion, and Judge Humphreys' Order is affirmed.

The KMPro parties have moved, pursuant to Fed. R. Civ. P. 72(a) for review of Magistrate Judge Humphreys' May 1, 2009 Order (Doc. 382) granting Triple-I's request for sanctions (Doc. 302). The standard for reviewing a magistrate's order is well established.

> Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." The Court does not conduct a de novo review, but applies a more deferential standard which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law. The Court is required to affirm the magistrate judge's order unless the entire record evidence leaves it "with the definite and firm conviction that a mistake has been committed."[1]

---

[1] *See Triple-I Corp. Inc., v. Hudson Associates Consulting Inc.*, 2007 WL 2436677, *1 (D. Kan. Date 2007)(citations omitted); *see also* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

Triple-I moved for the imposition of sanctions against the KMPRo parties for failing to comply with the Court's September 18, 2008 Order. In Triple-I's motion, it stated that it was seeking sanctions pursuant to Fed. R. Civ. P. 37(b)(2).[2] The KMPro parties responded and argued that sanctions were not appropriate. In deciding the issue, Judge Humphreys thoroughly reviewed the issues and determined that sanctions were warranted for the KMPro parties' failure to comply with the September 18, 2008 Order. Noting that the KMPro parties failed to comply with the Order and that the KMPro parties continued to provide responses to discovery that Judge O'Hara had previously rejected, Judge Humphreys ordered monetary sanctions against Ms. Smiley personally because she found that the evasive responses were the result of counsel's tactical decisions. Judge Humphreys further stated that "the court will not entertain or countenance supplemental argument on whether sanctions are warranted."

The KMPro parties argue that the sanctions are inappropriate because counsel had no notice that the Magistrate Judge would award sanctions against the individual attorney representing them, or counsel in general. KMPro also argues that a sanction award is not appropriate without sufficient opportunity to be heard. Pursuant to Fed. R. Civ. P. 37(b)(2)(c), the court must impose sanctions on "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Here, the motion for sanctions was specifically brought pursuant to this rule. Therefore, the KMPro parties were aware that sanctions could be imposed on either counsel or the party. Judge Humphreys determined that sanctions were appropriate due to the KMPro parties' failure to comply with a previous Order from the Court.

---

[2]Doc. 328.

Furthermore, the KMPro parties had the opportunity to be heard as the matter was briefed to the Court.[3] Judge Humphreys' ruling is not clearly erroneous or contrary to law.

**IT IS ACCORDINGLY ORDERED** this 17th day of July, 2009 that the KMPro parties' Objection to Magistrate Order (Doc. 390) is hereby DENIED, and Judge Humphreys' Order is affirmed. The sanctions shall be paid either personally by Rhonda Smiley or on behalf of Ms. Smiley by her law firm, McDowell, Rice, Smith & Buchanan.

**IT IS SO ORDERED**.

    s/   Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[3] See Doc. 339.