## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE TRIPLE-I CORPORATION, *Plaintiff*, vs. HUDSON ASSOCIATES CONSULTING, INC., ET AL., *Defendant*. | Case No. 06-2195- EFM |

### MEMORANDUM AND ORDER

Before the Court are the KMPro parties' Motions for Summary Judgment (Docs. 330, 391) and its Motion to Strike Affidavit (Doc. 355). For the following reasons, the Court denies the motions.

**I. Facts**

Highly summarized, there are three consolidated cases involving claims and counterclaims related to "knowledge management" services. Triple-I filed the first case (Case No. 06-2195) against Hudson Associates Consulting, Inc. ("Hudson") and Knowledge Management Professional Society ("KMPro") (collectively the "KMPro parties"). Triple-I asserted six claims,[1] and the four

---

[1] Two claims, fraudulent representation under K.S.A.§ 81-212 and cancellation of state marks under the Lanham Act, were previously dismissed. (Doc. 211).

remaining claims include cancellation of a registered state mark under K.S.A. § 81-210 (Count II), tortious interference (Count III), and cancellation of two registered federal marks under the Lanham Act (Counts IV, V). The KMPro parties counterclaimed against Triple-I and asserted seven claims including: (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition under 15 U.S.C. § 1125(a); (3) state trademark act violations; (4) common law unfair competition; (5) tortious interference with business expectancies; (6) contributory trademark infringement; and (7) civil conspiracy to tortiously interfere, infringe marks, and unfairly compete.

The KMPro parties move for summary judgment on Triple-I's four remaining claims (Docs. 330, 391).

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[2] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[3] A fact is "material" when "it is essential to the proper disposition of the claim."[4] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[5]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[6] In attempting to meet this standard, the moving party need not disprove the

---

[2] Fed. R. Civ. P. 56(c).

[3] *Haynes v. Level 3 Communications*, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006).

[4] *Id.*

[5] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[7]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[8] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[10] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[11] The Court is also cognizant that it may not make credibility determinations or weigh the evidence when examining the underlying facts of the case.[12]

## III. Analysis

### A. Count III - Tortious Interference

The KMPro parties argue that they are entitled to summary judgment on Triple-I's tortious interference with contract claim because Triple-I cannot establish (1) a contact with the Army; (2) interference with its Cubic subcontract causing breach of contract; (3) an unjustified or unprivileged interference; (4) malicious interference; or (5) damage as a proximate result of such interference.

---

[7]*Id.* (citing *Celotex*, 477 U.S. at 325.)

[8]*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[9]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000)(citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[10]*White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[11]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[12]*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Triple-I, in turn, states that it is not asserting a tortious interference with contract claim but rather it is asserting a tortious interference with business relationship,[13] and there are disputed issues of material fact that preclude summary judgment. The KMPro parties reply by asserting that there are no disputed material facts, and Triple-I cannot prevail on the claim of tortious interference with business relationship because Triple-I has failed to plead and prove damages and malice.

In Kansas, the elements of a tortious interference with business relationship include:

> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate result of defendant's misconduct.[14]

In addition, a plaintiff must demonstrate that the defendant acted with malice.[15] Malice is defined as acting "with actual evil-mindedness or specific intent to injure."[16]

At summary judgment stage, it is the non-moving party's responsibility to demonstrate that there is evidence demonstrating there is a genuine dispute as to a material fact.[17] The Court finds that there are genuine issues of material fact with regard to each element of the tortious interference with business relationship claim. As many of the material facts at issue are disputed, particularly

---

[13] Because Triple-I states that it is asserting a tortious interference with business relationship claim, Triple-I has waived any tortious interference with contract claim.

[14] *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo., Inc.*, 431 F.3d 1241, 1262-63 (10th Cir. 2005) (citing *PulseCard, Inc. v. Discover Card Servs., Inc.*, 917 F. Supp. 1488, 1498 (D. Kan. 1996)).

[15] *Pepsi-Cola Bottling Co.*, 431 F.3d at 1263 (citing *L & M Enters., Inc., v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1288 (10th Cir. 2000)).

[16] *Turner v. Haliburton Co.*, 240 Kan. 1, 8, 722 P.2d 1106, 1113 (1986).

[17] *Mitchell*, 218 F.3d at 1197.

whether the KMPro parties acted with malice and whether Triple-I suffered damages from the KMPro parties' conduct, the issues are better left for the trier of fact to determine. As such, it is inappropriate for summary judgment, and the KMPro parties' motion for summary judgment on Count III is denied.

### B. Counts II, IV, and V - Cancellation of Marks

In Count II of Triple-I's Complaint, Triple-I seeks cancellation of Hudson's registration of the service mark "Certified Knowledge Manager (CKM)" in Kansas. In Counts IV and V of Triple-I's Complaint, Triple-I seeks cancellation of the service marks "CKM Instructor (CKMI)" and "Certified Knowledge Leader (CKL)" with the United States Patent and Trademark Office. The KMPro parties argue that they are entitled to summary judgment because Triple-I lacks standing to seek cancellation of the registration of any of the marks. Triple-I asserts that it has standing, and even if the Court cannot conclude that it has standing, there is at least a genuine issue of material fact as to whether it has standing to cancel the registered marks.

Under K.S.A. § 81-210, a registered mark in Kansas may be cancelled if a court of competent jurisdiction orders cancellation of a registration on any ground, including the grounds that the registration was granted improperly, the registration was obtained fraudulently, and the mark is or has become generic for the services for which it has been registered. This statute does not state who has standing to seek cancellation. However, because K.S.A. § 81-210 is part of the Revised Kansas Trademark Act, the construction given to the Federal Lanham Act "should be examined as persuasive authority for interpreting and construing this act."[18]

---

[18] *See* K.S.A. § 81-220(b); *see also Am. Plastic Equip., Inc. v. Toytrackerz, LLC*, 2008 WL 917635, at *8 (D. Kan. Mar. 31, 2008).

There are two methods for cancellation of a registered trademark under the Lanham Act. One method is by filing a petition to cancel the registration with the Patent and Trademark Office.[19] The other method is through 15 U.S.C. § 1119 which provides that a court "may determine the right to registration [and] order the cancellation of the registrations, in whole or in part . . . ." In Triple-I's complaint, it states that it seeks cancellation pursuant to section 1119.[20]

"A plaintiff seeking cancellation of a federal trademark registration under 15 U.S.C. § 1119 must satisfy the standing requirements set forth in 15 U.S.C. § 1064."[21] Under 15 U.S.C. § 1064, a petition to cancel a registration of a mark may be filed by any person "who believes that he is or will be damaged by the registration of the mark." "The party seeking cancellation must prove two elements: (1) that it has standing; and (2) that there are valid grounds for cancelling the registration."[22] "Standing is the more liberal of the two elements and requires only that the party seeking cancellation believe that it is likely to be damaged by the registration."[23] "[T]here is no requirement that damage be proved in order to establish standing or to prevail in a cancellation proceeding."[24] "Standing requires only that the petitioner have a 'real interest' in the cancellation

---

[19] 15 U.S.C. § 1064; *see also Scott v. Mego Int'l, Inc.*, 519 F. Supp. 1118, 1138-39 (D. Minn. 1981).

[20] While Triple-I seeks cancellation under section 1119, neither party addresses the fact, and both parties brief the issue relying on 15 U.S.C. § 1064.

[21] *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 231 (S.D.N.Y. 2008); *see also Mego*, 519 F. Supp. at 1139 (stating that "[a]lthough §1119 has no explicit standing requirement like that of § 1064, claims for cancellation have been dismissed where the claimant has not alleged 'the requisite damage to establish its standing to seek cancellation.'"). It does not appear that standing under either section 1119 or section 1064 has been specifically addressed by either the Tenth Circuit or the District of Kansas.

[22] *Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 945 (Fed. Cir. 2000) (citations omitted).

[23] *Id.* (citations omitted).

[24] *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 727 F.2d 1087, 1092 (Fed. Cir. 1984).

proceeding."[25]

The KMPro parties assert that Triple-I does not have standing because Triple-I has suffered no damages as a result of the registration of these marks.[26] In addition, the KMPro parties assert that Triple-I cannot establish that it has any real interest in the marks because Triple-I does not compete with Hudson, does not have ownership in the mark, does not provide knowledge management education or certification services, and does not use the marks or names.[27] From the pleadings and the evidence currently in front of the Court, it appears that the KMPro parties sent Triple-I a cease and desist letter warning Triple-I that legal action for trademark infringement would occur if Triple-I continued to engage in training with IKMI. It further appears that Triple-I engaged in training with IKMI after the cease and desist letter.[28] Triple-I's belief that it will be damaged due to the KMPro parties threat of litigation is sufficient to assert a "real interest." Indeed, the KMPro parties did sue for trademark infringement, although they were not the party to initiate the litigation.[29]

---

[25] *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1161 (Fed. Cir. 2002) (citation omitted).

[26] Although the KMPro parties assert as "undisputed facts" certain findings the Court made in a previous Order (Doc. 211), the Court specifically stated in that Order that its decision had ***no bearing*** on the K.S.A. § 81-210 claim which is at issue here. Doc. 211, p.10, n 6. As such, the Court's analysis and findings in Doc. 211 do not bear on the motion currently before the Court, and the KMPro parties reliance on that Order is misplaced.

[27] The Court notes that this is contrary to the KMPro parties' counterclaim (Doc. 68) in which it alleges that Triple-I has infringed on its marks by using the marks "on nearly every page of a 200+ document" and that Triple-I continued to use the marks after being told to stop using the marks. While the Court recognizes that the KMPro parties are relying on Triple-I's statements that it does not use the marks, both parties assert inconsistent positions. As both parties assert inconsistent positions throughout their briefs and pleadings, it is nearly impossible to determine what the facts are in the case, let alone the undisputed facts.

[28] This statement is not a finding of fact from the Court but taken from both parties' pleadings.

[29] *See, e.g., Aerogroup Int'l, Inc. v. Marlboro Footworks, Ltd.*, 977 F. Supp. 264, 267 (S.D.N.Y. 1997) (stating that "[h]aving been sued for trademark infringement, [defendant] has the requisite injury to confer standing.")

Triple-I seeks cancellation on three marks on the basis that the marks are generic or merely descriptive. Triple-I states that it is in the knowledge management field and has the right to use the term or components of the term in its business. As the only issue before the Court is whether Triple-I has standing to bring these claims, it appears to the Court that Triple-I has at least presented evidence as to whether it has a real interest in the case. This is sufficient to defeat the KMPro parties' motion for summary judgment. In sum, it appears that there are many genuine issues of material fact in dispute, and the Court denies summary judgment on Counts II, IV, and V.

Because the Court is denying the KMPro parties' Motion for Summary Judgment on Count III, the Motion to Strike Affidavit (Doc. 355) is denied as moot.

**IT IS ACCORDINGLY ORDERED** this 17th day of July, 2009 that the KMPro parties' Motions for Summary Judgment (Docs. 330, 391) are hereby denied.

**IT IS FURTHER ORDERED** that the Motion to Strike Affidavit (Doc. 355) is hereby denied as moot.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE