**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| THE TRIPLE-I CORPORATION, | ) | **CONSOLIDATED CASES** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2195-EFM |
| | ) | |
| HUDSON ASSOCIATES CONSULTING, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| KMMENTOR, LLC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-2381-EFM |
| | ) | |
| KNOWLEDGE MANAGEMENT PROFESSIONAL SOCIETY, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| HUDSON ASSOCIATES, CONSULTING INC., et al., | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 06-2461-EFM |
| | ) | |
| ERIC WEIDNER, et al., | ) | |
| | ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on the following motions:

    1. Triple-I's Second Motion for Sanctions (Doc. 397) and

    2. KMPro's Motion to Amend (Doc. 407).[1]

The rulings are set forth below.[2]

### **Triple-I's Second Motion for Sanctions (Doc. 397)**

Triple-I moves for the imposition of sanctions against Hudson Associates Consulting, Inc. and Knowledge Management Professional Society, Inc. for failure to comply with the Court's May 1, 2009 Order (Doc. 382) concerning Document Request Nos. 38 and 44. Triple-I requests the following sanctions:

> 1. an order establishing which documents, if any, are responsive to Production Request Nos. 38 and 44 of Triple-I's second set of production requests; and
>
> 2. an award of Triple-I's reasonable attorney fees and costs incurred in filing this motion.

KMPro opposes the motion and requests "a confidential hearing before this court on this subject and an opportunity to submit *in camera* an explanation of the responsiveness of any

---

[1] Triple-I Corporation, Robert Spachman, Ronald Dysvick, and Knowledge Central Corporation move for sanctions and are collectively referred to as "Triple-I." Similarly, Hudson Associates Consulting, Inc., Knowledge Management Professional Society, Inc., and Dan Kirsch move to amend and are collectively referred to as "KMPro." For editorial clarity, "Triple-I" and "KMPro" will be referred to in the singular.

[2] The nature of this case is described in an earlier opinion (Doc. 382) and will not be repeated.

documents about which the court entertains doubt after considering the briefs." Doc. 406, p. 1. As explained in greater detail below, (1) KMPro's request for a "confidential hearing" and *in camera* review is rejected and (2) Triple-I's motion for sanctions is **DENIED.**

As noted above, this second motion for sanctions is based on Triple-I's contention that the KMPro failed to comply with the court's May 1 Order directing KMPro to file " a final and unequivocal supplemental response . . . setting out by Bates-stamped number the documents responsive to Requests 38 and 44." Doc. 382 at 9. Triple-I argues that sanctions are warranted because KMPro (1) listed over 2,000 pages of unresponsive documents and (2) provided a "highly equivocal" supplemental response.

With respect to Triple-I's "highly equivocal" argument, KMPro's supplemental response sets out the Bates-stamped numbers responsive to Requests 38 and 44 as required by the court's May 1 Order. KMPro did include some self-serving language concerning an earlier production of an index but the court is not persuaded that this language creates an ambiguity in KMPro's response. KMPro also referenced Dan Kirsch's deposition testimony concerning two documents. KMPro's discussion of the two documents and Kirsch's testimony explains why the two documents had been omitted from earlier responses. When viewed as a whole, KMPro's supplemental response is not "highly equivocal."

Triple-I also argues that the 2,000 pages of documents listed in KMPro's supplemental response are not responsive to the production requests and are an improper "document dump." KMPro counters that the documents are responsive and, if the court has any doubts, requests a "confidential hearing" and *in camera* submissions. KMPro does not elaborate on the meaning of a "confidential hearing" and the court rejects the "hearing" request for failure

-3-

to provide any compelling legal authority for such a proceeding.[3]  As explained below, the court also declines the parties' invitation to engage in a page-by-page determination of whether the listed documents are responsive to Production Request Nos. 38 and 44.

Production Request Nos. 38 and 44 asked KMPro to produce:

> **[Production Request] 38.** Each and every document *related in any way* to the Certified Knowledge Manager (CKM) workshop conducted by Hudson in Virginia Beach, Virginia during the month of August 2002.
>
> **[Production Request] 44.**  Each and every document *related in any way* to the transfer of ownership of any trademark or service mark from Ed Swanstrom to Agility Corporation or to eKnowledge Center or to Ken Swanstrom.

(Emphasis added).

First, Triple-I's argument that the listed documents are "unresponsive" was rejected in the ruling on Triple-I's first motion for sanctions (Doc. 382, p. 8).  Triple-I's arguments concerning "responsiveness" in the current motion are more refined but, in essence constitute a motion for reconsideration of the earlier ruling.  The court is not persuaded that Triple-I is entitled to a "second bite of the apple."  Equally importantly, Requests 38 and 44 ask for documents "related in any way" to the 2002 workshop or trademark transfer.  The term "related in any way" is exceedingly broad and provides little guidance for the court's evaluation of the individual pages.

Finally, and most importantly, the debate whether the 2,000 pages are responsive to

---

[3] KMPro appears to be requesting an *ex parte* hearing to explain how its responses comply with the production requests.  Contrary to KMPro's suggestion, in the context of this motion, the simple explanation of the relevance of a document to a discovery request does not rise to the level of protected attorney work product.

Request Nos. 38 and 44 has disintegrated into an unproductive discovery sideshow. KMPro is not withholding any documents responsive to Request Nos. 38 and 44 and counsel for Triple-I has evaluated each and every page produced by KMPro. For reasons not entirely clear, Triple-I seeks an order specifying which, if any, pages are responsive to Requests 38 and 44.[4] Rule 1 of the federal rules of civil procedure provides:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be ***construed and administered to secure the just, speedy, and inexpensive determination*** of every action and proceeding. (Emphasis added).

Engaging in further proceedings to determine which, if any, of the 2,000 produced pages are responsive to Requests 38 and 44 is contrary to the mandate to construe and administer the rules to secure a ***speedy and inexpensive*** determination of the action. Under the circumstances, the court declines Triple-I's request for sanctions and fees. Similarly, the court rejects KMPro's request for attorney fees and costs.

**IT IS THEREFORE ORDERED** that Triple-I's second motion for sanctions **(Doc. 397)** is **DENIED.**

### KMPro's Motion to Amend (Doc. 407)

KMPro moves to amend their claims in each of the consolidated cases "because

---

[4] Many of Triple-I's arguments concerning "unresponsive" materials are more appropriately arguments for the finder of fact at trial and an evaluation of whether KMPro's allegations are credible.

Hudson Associates Counseling, Inc. has been granted additional service registrations for marks that are (1) intimately related to the marks in suit; (2) are used in the same evidence as the marks in suit; and (3) in some cases are "pseudo marks" of the marks in suit. (Doc. 407, p. 1). Specifically, KMPro seeks leave to add allegations that it is the registrant of certain service marks with registration dates of January 15, 2008, October 21, 2008, and June 2, 2009. KMPro's proposed amendments also include allegations that its use of the service marks extends as far back as 1995. Triple-I opposes the motion, arguing that the proposed amendments are untimely and futile. For the reasons set forth below, the motion shall be DENIED.

The standard for permitting a party to amend its pleadings has previously been set forth in this case and will not be repeated. <u>Memorandum and Opinion</u>, Doc. 382, p. 10. Triple-I argues that the motion is untimely and the court agrees. These consolidated cases were filed in 2006. The respective positions and strategies in the consolidated cases have been highly contentious, requiring numerous conferences, hearings, and rulings. Discovery has now closed and the deadline for dispositive motions has also passed. Allowing KMPro to amend its claims would require a new round of discovery and the refiling of numerous dispositive motions.[5] Under the circumstances, KMPro's motion is untimely and the motion to amend shall be DENIED.

---

[5] Triple-I represents that it filed seventeen dispositive motions prior to its recent motion to amend and that all but one (related to defamation claims) would be affected by the proposed amendments.

-6-

**IT IS THEREFORE ORDERED** that KMPro's motion to amend its pleadings (Doc. 407) is **DENIED.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of August 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge